UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   MH 8329

FLIGHT SCIENCES, INC.,                              :

                               Plaintiff,       :

                - against -       :

CATHAY PACIFIC AIRWAYS LIMITED,      :

                       Defendant.      :

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.:
07 CV 2830 (VM)

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Cathay Pacific Airways Limited (hereinafter Cathay Pacific), by its attorneys Condon & Forsyth LLP, for its Answer to the Complaint:

        1.       Denies the allegations in paragraph 1 of the Complaint.

        2       Denies the allegations in paragraph 2 of the Complaint except that defendant Cathay Pacific admits that, pursuant to the Fuel Conservation Consulting Agreement (the "Agreement") dated April 17, 1997, plaintiff received monies from Cathay Pacific in accordance with the terms of the Agreement.

        3.       Denies the allegations in paragraph 3 of the Complaint.

        4.       Denies the allegations in paragraph 4 of the Complaint.

        5.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

        6.       Denies the allegations in paragraph 6 of the Complaint except that defendant Cathay Pacific admits it is a corporation incorporated in Hong Kong with its principal place of business there.

        7.       Admits the allegations in paragraph 7 of the Complaint.

8.      Admits the allegations in paragraph 8 of the Complaint.

9.      Admits the allegations in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.      Denies the allegations in paragraph 17 of the Complaint.

18.      Denies the allegations in paragraph 18 of the Complaint.

19.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.      Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint except that defendant Cathay Pacific admits that the parties entered into the Agreement.

23.     Admits that the WHEREAS clause of the Agreement contains the language quoted in paragraph 23 of the Complaint.

24.     Denies the allegations in paragraph 24 of the Complaint except that defendant Cathay Pacific admits that it paid sums under paragraph 5.1 of the Agreement to plaintiff and that it has never sought a refund of the amounts paid.

25.     Denies the allegations in paragraph 25 of the Complaint.

26.     Denies the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint except that defendant Cathay Pacific admits that the Agreement contains the language quoted in paragraph 27 of the Complaint.

28.     Denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies the allegations in paragraph 31 of the Complaint except that defendant Cathay Pacific admits that plaintiff proposed on October 9, 1997 that the Cathay Pacific fleet be "polished" rather than painted.

32.     Denies the allegations in paragraph 32 of the Complaint; Cathay Pacific rejected this counterclaim at the time it was made based on aviation industry publications suggesting that the fuel cost saving offered by polished surfaces is generally outweighed by the cost of maintaining the polished surfaces.

33.    Denies the allegations in paragraph 33 of the Complaint.

34.    Denies the allegations in paragraph 34 of the Complaint; Cathay Pacific rejected the recommendations made by plaintiff on October 10, 1997 that it use lighter cargo containers on the ground that additional maintenance costs would be required for light weight cargo containers and that such costs would outweigh the fuel savings benefits.

35.    Denies the allegations in paragraph 35 of the Complaint.

36.    Denies the allegations in paragraph 36 of the Complaint.

37.    Denies the allegations in paragraph 37 of the Complaint.

38.    Denies the allegations in paragraph 38 of the Complaint.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

42.    Denies the allegations in paragraph 42 of the Complaint.

43.    Denies the allegations in paragraph 43 of the Complaint.

44.    Denies the allegations in paragraph 44 of the Complaint.

45.    Denies the allegations in paragraph 45 of the Complaint.

46.    Denies the allegations in paragraph 46 of the Complaint.

AS TO THE FIRST ALLEGED
CLAIM FOR RELIEF

47.    Answering paragraph 47 of the Complaint, defendant Cathay Pacific repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 46 inclusive of this Answer to Complaint with the same force and effect as if set forth in full herein.

48.     Denies the allegations in paragraph 48 of the Complaint.

49.     Denies the allegations in paragraph 49 of the Complaint.

### AS TO THE SECOND ALLEGED
### CLAIM FOR RELIEF

50.     Answering paragraph 50 of the Complaint, defendant Cathay Pacific repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 46, 48 and 49 of this Answer to Complaint with the same force and effect as if set forth in full herein.

51.     Denies the allegations in paragraph 51 of the Complaint.

52.     Denies the allegations in paragraph 52 of the Complaint.

53.     Denies the allegations in paragraph 53 of the Complaint.

### AS TO THE THIRD ALLEGED
### CLAIM FOR RELIEF

54.     Answering paragraph 54 of the Complaint, defendant Cathay Pacific repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 46 inclusive, 48, 49, 51, 52 and 53 inclusive of this Answer to Complaint with the same force and effect as if set forth in full herein.

55.     Denies the allegations in paragraph 55 of the Complaint.

56.     Denies the allegations in paragraph 56 of the Complaint.

57.     Denies the allegations in paragraph 57 of the Complaint.

58.     Denies the allegations in paragraph 58 of the Complaint.

### AS TO THE FOURTH ALLEGED
### CLAIM FOR RELIEF

59.     Answering paragraph 59 of the Complaint, defendant Cathay Pacific repeats, reiterates and realleges each and every allegation, admission and denial in

paragraphs 1 through 46 inclusive, 48, 49, 51 through 53 inclusive and 55 through 58 inclusive of this Answer to Complaint with the same force and effect as if set forth in full herein.

60.    Denies the allegations in paragraph 60 of the Complaint.

61.    Denies the allegations in paragraph 61 of the Complaint.

62.    Denies the allegations in paragraph 62 of the Complaint.

### AS AND FOR A FIRST SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

63.    The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

64.    The parties' obligations under the Agreement lapsed due to abandonment of rights by plaintiff.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

65.    Laches.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

66.    The Agreement expired on or about July 28, 2000.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

67.    Statute of limitations.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

68.    The recommendations and material forwarded by plaintiff to defendant Cathay Pacific pursuant to the Agreement were within the public domain, were widely known and recognized within the aviation industry and did not constitute any proprietary information or trade secret materials.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

69.    Unclean hands.

### AS AND FOR A FIRST COUNTERCLAIM

70.    Pursuant to Article 15 of the Agreement entered into between the parties on April 17, 1997, plaintiff agreed that neither it nor its employees, agents or subsidiaries shall, without the written permission of Cathay Pacific, mention the name of Cathay Pacific in any advertisement relating to or arising out of the Agreement.

71.    Upon information and belief, defendant-counterclaimant Cathay Pacific has never given plaintiff written permission to use the name of Cathay Pacific in any advertisement.

72.    Notwithstanding the lack of any such written permission, plaintiff has used the name of defendant and quotes from its employees in advertising materials and promotional brochures widely disseminated by plaintiff in the aviation community.

73.    The use of the name of defendant-counterclaimant Cathay Pacific and quotes from its employees in the advertising materials and promotional brochures of

plaintiff without the written permission of defendant-counterclaimant Cathay Pacific is a material breach of the Agreement.

74.    As a result of plaintiff's breach of the Agreement, Cathay Pacific has sustained damages in an amount not immediately quantifiable but exceeding the minimal jurisdictional amount of Seventy-Five Thousand ($75,000) dollars, exclusive of interest and costs.

75.    The continued use of the name of Cathay Pacific and the quotes from its employees in plaintiff's advertising materials and promotional brochures will cause irreparable harm to Cathay Pacific and accordingly defendant-counterclaimant Cathay Pacific requests the Court to grant injunctive relief requiring plaintiff to immediately cease and desist from using the name of Cathay Pacific in its promotional brochures and advertising materials and prohibiting any further dissemination of these promotional brochures and advertising materials.

WHEREFORE, defendant Cathay Pacific Airways Limited demands judgment dismissing the Complaint, together with costs and disbursements and judgment in favor of defendant-counterclaim on its Counterclaim:

1.    For money damages to be awarded in an amount in excess of Seventy-Five Thousands ($75,000) Dollars, exclusive of interest and costs; and

2.    For an Order permanently enjoining plaintiff from using the name Cathay Pacific, or quotes from Cathay Pacific employees, in any advertising materials or promotional brochures of plaintiff and

requiring plaintiff to withdraw from further dissemination any such

promotional brochures or advertising materials.


Dated:     New York, New York
           May 31, 2007

                                     CONDON & FORSYTH LLP


                                     By _____
                                        Michael J. Holland (MH 8329)
                                        A Partner of the Firm
                                        7 Times Square
                                        New York, New York 10036
                                        (212) 490-9100
                                        Attorneys for Defendant
                                        CATHAY PACIFIC AIRWAYS
                                        LIMITED

To:     Hank L. Goldsmith, Esq. (HG 7108)
        Proskauer Rose LLP
        1585 Broadway
        New York, New York  10036-8299
        (212) 969-3000

        Attorneys for Plaintiff
        Flight Sciences, Inc.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                                 ) ss:
COUNTY OF NEW YORK   )

       Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.  That on the 31st day of May, 2007 deponent served the within Answer upon:

         Hank L. Goldsmith, Esq.
         Proskauer Rose LLP
         1585 Broadway
         New York, New York  10036-8299

       At the address designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                              Mary Ann Rooney

Sworn to before me this
31st day of May, 2007

Notary Public

MICHAEL J HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2009