UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
FLIGHT SCIENCES, INC.,              :    07 CV 2830 (VM)
                                    :    [ECF CASE]
              Plaintiff,            :
                                    :
       - against -                  :
                                    :    USDS SDNY
CATHAY PACIFIC AIRWAYS LIMITED,     :    DOCUMENT
                                    :    ELECTRONICALLY FILED
              Defendant.            :    DOC #: _____
                                    :    DATE FILED: 9-4-07
                                    :
----------------------------------------------------------------x

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS BETWEEN PLAINTIFF AND DEFENDANT

Plaintiff and Defendant hereby stipulate and agree that, upon entry by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Confidentiality Stipulation and Protective Order (the "Order") shall govern the disclosure of Material in the Action, including Materials produced by non-parties.

### Definitions

1. "Action" means the action captioned *Flight Sciences Inc. v. Cathay Pacific Airways Limited*, 07 CV 2830 (VM), which is currently pending in the United States District Court for the Southern District of New York.

2. "Confidential Information" shall refer collectively to all Materials designated "Confidential."

3. "Court" shall refer to the United States District Court for the Southern District of New York, the Honorable Judge Marrero and the Honorable Magistrate Judge Maas,

or their successors.

4. "Disclose" means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Civil Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

6. "Defendant" means Cathay Pacific Airways Limited.

7. Electronically Stored Information ("ESI") is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

8. "Material" means information in written, oral, graphic/pictorial, audiovisual or other form, whether it be ESI, a Document, information contained in a Document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise Disclosed and/or any copies or reproductions, excerpts, summaries or other list, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

9. "Parties" means Defendant and Plaintiff.

10. "Party" means any of the Parties.

11. "Producing Party" means the Party, party or entity, including third parties, which has produced Confidential Information.

12. "Person" means any natural person, partnership corporation association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers,

employees, agents, attorneys, and representatives.

13. "Plaintiff" means Flight Sciences, Inc.

14. "Receiving Party" means a Party that receives Material from a Producing Party.

15. This Order shall be binding on: (a) the Parties; (b) counsel for all of the Parties; and (c) any other Person who receives or possesses Materials produced by a Producing Party.

16. To preserve legitimate proprietary and privacy interests, this Order establishes procedures for Producing Parties' production of Materials; imposes restrictions upon Persons who may receive Material produced by the Parties; and imposes obligations on Persons receiving such Material to protect such material from unauthorized use or Disclosure. Material produced by the Producing Parties shall not be used or Disclosed by any Person except as specifically and expressly permitted by this Order.

17. Material produced by a Producing Party, whether or not designated as Confidential Information, shall be used solely for the purpose of, and only to the extent necessary for, prosecuting or defending the claims in the Action. Such Material shall not be used or otherwise Processed by any Person for any other purpose, including, without limitation, any business, competitive, personal, private, public, commercial, or other purpose.

18. Material produced by a Producing Party, whether or not designated as Confidential Information, may be Disclosed to a Person only to the extent that such a Person has a legitimate need, in connection with the prosecution or defense of the claims in the Action to know the information contained in the materials.

19. The provisions of this Order extend to all information and Materials

produced by the Producing Parties, regardless of the manner in which they are Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

### Confidential Information

20. A Producing Party may designate all or any part of a Document or Material produced as "Confidential" as described below. Such designation may be made with respect to any information or Material, regardless of the manner in which it is disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

(a) "Confidential" material shall mean Material that the Producing Party reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment because it contains any personal data, i.e., information relating to an identified or identifiable Person, including but not limited to, customers and current and former employees of the Parties. An "identifiable" person is one who can be identified directly or indirectly, including without limitation, by reference to an identification number or to one or more factors specific to his or her physical, physiological, mental, economic, cultural, or social identity. The Producing Party shall affix the following designation on such Material: "Confidential — Protected by Court Order — 07 CV 2830 (VM)." To the extent that ESI is produced in such form, the Producing Party may designate such material as "Confidential" by cover letter referring generally to

such matter and by affixing (where possible) a label on the ESI or its casing indicating such designation.

21. The following procedures shall govern any challenges to a Producing Party's confidentiality designations:

(a) If a Party reasonably believes that Material should not have been designated "Confidential" it must provide the Producing Party with a written objection that identifies the Material at issue and states its reasons for questioning the confidentiality designation. The Producing Party must respond in writing within ten (10) business days, or within such additional time as is reasonable and is agreed to by counsel or ordered by the Court.

(b) If a Party is not satisfied by the Producing Party's response, it may move the Court to lift or change the confidentiality designation, as may be appropriate. It shall be the Producing Party's responsibility on any such motion to demonstrate the appropriateness of its confidentiality designation.

(c) Until the Court rules, the original confidentiality designation shall remain in effect. If the Court rules that the Material was not appropriately designated, the original designation shall remain in effect for ten (10) business days after the Court's order, during which time the Producing Party shall redesignate and reproduce the Material as appropriate. In this case, other Persons that received the misdesignated Material at issue shall promptly return all copies of such Material to the Producing Party.

### Disclosure of Confidential Information

22. Subject to the other restrictions in this Order, Material designated as

"Confidential" may be disclosed only to the persons identified below:

(a) The Parties in the Action and any employees or former employees of the Parties who are actively involved in the prosecution or defense of claims in the Action;

(b) The Court and appropriate court personnel;

(c) Outside counsel for any Party who are retained to assist the Party in question in the prosecution or defense of claims in the Action;

(d) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on the claims in the Action;

(e) In-house counsel for any Party specifically assigned by the Party in question to provide or assist in providing legal advice on the prosecution or defense of claims in the Action;

(f) Any person who was either an author or recipient of the information in question prior to the intended disclosure in the Action;

(g) Any other Person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court;

(h) Any witness at an interview, trial, hearing or deposition in this matter, or in preparation therefor, where the Disclosing attorney believes in good faith that showing the information to the witness will assist the attorney in the prosecution or defense of the claims in the Action;

(i) Consulting or testifying experts retained by Parties for assistance in the prosecution or defense of claims in the Action;

Case 1:07-cv-02830-VM-FM   Document 13   Filed 09/04/2007   Page 7 of 16

(j)  Private arbitrators and mediators involved in resolving disputes over claims in the Action; and

(k)  Litigation support personnel actively involved in the Action, including court reporters, court videographers, and copy vendors.

23.  A party may disclose its own Confidential Information to any person as it deems appropriate.

24.  Except for the individuals listed in Paragraphs 22(b) through 22(f), 22(j), and 22(k), and subject to the additional restrictions on the disclosure of Confidential Information to individuals listed in Paragraph 22(i) as set forth in Paragraph 26 below, all person to whom Confidential Information is disclosed shall be informed of and agree to be bound by the terms of this Protective Order. Prior to disclosure of Confidential Information to any such person, the person shall execute a written acknowledgment, substantially in the form of Exhibit A annexed hereto. Prior to dissemination by a Receiving Party of any Confidential Information to any such person, the disseminating party shall obtain and maintain a copy of this Protective Order and Agreement evidencing that such person has executed the undertaking set out above.

25.  Prior to disclosure of Confidential Information to consulting or testifying experts retained by the Parties for assistance in the prosecution or defense of claims in the Action, the expert or consultant must execute the written acknowledgment, substantially in the form of Exhibit A, and the same must be served upon the opposing Party more than ten (10) business days before access to the Confidential Information is to be given to that expert or consultant. The opposing Party then has ten (10) business days after receipt of the acknowledgment to object to and notify the other Party in writing that it objects to the disclosure of Confidential Information to the expert or consultant so identified. The Parties agree to

7

promptly confer and use good faith to resolve any such dispute. If the Parties cannot resolve the dispute, the Party seeking to prevent disclosure of the Confidential Information may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes and bears the burden of proving why such disclosure should not occur. If a motion is so filed with Court with fifteen (15) business days after receipt of the acknowledgment, no disclosure shall be made to the expert or consultant unless and until the Court so orders. No person disclosed to the other side pursuant to the provisions of this Paragraph may be deposed by the other side or called as a witness by the other side unless such person is identified as a testifying expert witness by the disclosing party at the time Rule 26(a)(2) disclosures are made in this lawsuit.

26.     An inadvertent failure to designate Discovery Material as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must treat the material in accordance with this Protective Order including retrieving all copies and excerpts of any re-designated Discovery Material from persons not entitled to receive it.

27.     If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of such disclosure, use all reasonable efforts to attempt to retrieve the Confidential Information and prevent disclosure by each unauthorized person who received such information.

28.     In the event that a party deems it necessary to disclose any Confidential Information to any person not specified in Paragraphs 22 through 24 (the "Proposed Disclosure"), that party shall notify counsel for the Producing Party in writing of: (a) the

Confidential Information sought to be disclosed; and (b) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent written permission of the Producing Party, unless the party wishing to disclose, after reasonable notice, obtains an Order from this Court permitting the Proposed Disclosure. Counsel shall obtain from all such persons to whom disclosures are made pursuant to this paragraph a written acknowledgment, substantially in the form of Exhibit A annexed hereto.

29.     All pleadings, motions, or other papers filed with the Court that contain or make reference to Confidential Information shall be filed under seal in a sealed envelope, shall be kept under seal by the Clerk of the Court, and shall not be part of the public record in the Action. The sealed envelope shall prominently bear the designation "Confidential — Filed Under Seal" as appropriate.

### Disclosure of Confidential Information During Interviews, Depositions, and Pre-Trial Proceedings

30.     No Person shall disclose Confidential Information during the course of any interview, deposition, or pre-trial proceeding in the Action, except under the terms authorized in this Order. In no event shall any interviewee, deponent, or witness retain copies of Material designated as Confidential Information. Deponents may keep a copy of their deposition transcript on the condition that they sign the addendum at Exhibit A.

31.     Confidential Information shall not be disclosed during the course of a deposition or interview in the Action for any purpose other than examining the witness with respect to claims in the Action.

32.     The Parties shall confer and attempt to agree before any trial or other hearing on the procedures under which "Confidential" Materials may be introduced into

evidence or otherwise used at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each other Party to this Order of any "Confidential" Materials which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential" Material at trial or hearing upon reasonable notice to all Parties.

33. Absent agreement pursuant to paragraph 32 above, and unless ordered by the Court, any Party that intends to Disclose Confidential Information at trial or in any pre-trial proceeding shall so inform the Court at least seven (7) days in advance of actual Disclosure of its intention to do so, stating whether such Material is designated "Confidential." In such notice, the Party need not identify the specific Material to be disclosed. Upon such notice, the Court will decide what precautions, if any, are appropriate to protect the Confidential Information, including: (i) how exhibits containing Confidential Information should be introduced at the proceeding in order to maintain their confidentiality; (ii) how any references to those exhibits or other Confidential Information should be made on the record; (iii) how witnesses should be instructed concerning their confidentiality obligations under this Order; (iv) whether persons who are not authorized to receive Confidential Information should be excluded from those portions of the proceeding that concern such information; and (v) how the pertinent portions of a transcript of the proceeding should be designated.

### Inadvertent Disclosure of Privileged Materials

34. The parties are expected to produce substantial quantities of documents and items in this case, which may result in an inadvertent disclosure of information, Documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material").

Within fourteen (14) days after the Producing Party actually learns of an inadvertent disclosure, the Producing Party may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the Receiving Party shall destroy all physical and electronic copies of such information, Documents and/or things to the Producing Party within 5 business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose, except that a Producing Party may submit a copy of and refer to the assertedly privileged material in connection with any motion to the Court challenging the assertedly privileged material, provided however that any portion of such a motion containing or referring to the assertedly privileged material shall be submitted in camera. If the Producing Party demands the return of the assertedly privileged material within this 14-day grace period, the disclosure of the assertedly privileged material shall be deemed inadvertent. After the 14-day grace period, any demand for return of inadvertently produced assertedly privileged material shall be governed by the procedures and standards of the applicable case law.

## Return Of Designated Material

35.  Within 30 days of Final Termination of this Action, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party shall assemble and return, or certify destruction of, all Confidential Information to the Producing Party. The Receiving Party shall notify the Producing Party of compliance in writing. The Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify the Producing Party of any failure to retrieve any such information. Such notification shall include a detailed description of any document or item not returned or destroyed, and its whereabouts. Nothing in

this Paragraph shall preclude Outside Counsel from retaining one copy of: (a) pleadings, motions, and memoranda filed with the Court (including materials filed under seal), and (b) hearing and trial transcripts and exhibits admitted therein; provided, however, that such counsel may not disclose retained materials which contain Confidential Information to any other person and shall keep such retained materials in a manner reflecting their confidential nature.

36. After Final Termination of this Action, the restrictions on the communication and/or disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Confidential Information was disclosed. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

## MISCELLANEOUS

37. Any Person who has received Materials subject to this Order who receives a request or subpoena for production or Disclosure of such Material shall immediately give written notice to the Producing Party's outside counsel identifying the information sought and providing a copy of the request or subpoena. The Person subject to the request or subpoena shall not produce or Disclose the requested Material unless: (a) the Producing Party specifically consents in writing; (b) the Producing Party fails to seek relief from the subpoena or request within ten (10) days of the return date or five (5) days of receiving notice if it is less than 10 days already; or (c) notwithstanding the Producing Party's request for relief, production or Disclosure is ordered by a court of competent jurisdiction. In the event such production or Disclosure is ordered in another proceeding, the Person subject to the request or subpoena shall use reasonable efforts to negotiate a protective order that contains the same level of protection provided in this Order. Nothing contained in this Paragraph is intended to suggest that any other court order would have priority over this Order or constitute waiver of any objection or consent to the

jurisdiction of any other court issuing such an order.

38. To the extent that any Person creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes any information, files, databases, or programs that contain Confidential Information, that Person and/or its counsel must take all necessary steps to insure that access to that device or media is restricted to those Persons who, by the terms of this Order, are permitted to receive such Confidential Information.

39. This Order shall apply to non-parties who are obliged to provide discovery by deposition, production of documents or otherwise in the Action, if such non-party requests protection of this Order as to the non-party's Confidential Information and complies with the provisions of this Order.

40. All terms in this Order relating to Materials produced by any Party shall apply to the substance and/or content found therein and shall also apply to any copies, reproductions, or summaries of such Materials.

41. Persons receiving Materials governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, Disclosure, use, or other Processing of, Materials.

42. Nothing in this Order shall restrict the use by a Party of its own Materials.

43. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

44. Neither this Order nor the Disclosure of Materials shall be deemed a concession or determination of the relevance, materiality, or admissibility of Materials governed by or Disclosed under this Order.

Dated: New York, New York
August 31, 2007

PROSKAUER ROSE LLP

By _C. d. L/MR_
Hank L. Goldsmith (HG 7108)
1585 Broadway
New York, New York 10036-8299
(212) 969-3000

- and -

Arthur C. Chambers, Esq.
Law Offices of Arthur C. Chambers
2095 Van Ness Avenue
San Francisco, CA 94109
(415) 775-2144

Attorneys for Plaintiff
Flight Sciences, Inc.

CONDON & FORSYTH LLP

By _Michael J. Holland/RV_
Michael J. Holland (MH 8329)
A Partner of the Firm
7 Time Square
New York, New York 10036
(212) 490-9100

- and -

Roderick D. Margo
Condon & Forsyth LLP
1901 Avenue of the Stars
Los Angeles, California 90067
(310) 557-2030

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

SO ORDERED: 4 September 2004

U.S.D.J.
**Victor Marrero**