**PROSKAUER ROSE LLP**   12/6/07

1585 Broadway  
New York, NY 10036-8299  
Telephone 212.969.3000  
Fax 212.969.2900

LOS ANGELES  
WASHINGTON  
BOSTON  
BOCA RATON  
NEWARK  
NEW ORLEANS  
PARIS

Hank L. Goldsmith  
Member of the Firm

Direct Dial 212.969.3418  
hgoldsmith@proskauer.com

**MEMO ENDORSED**


RECEIVED DEC 12 2007 FRANK MAAS U.S. MAGISTRATE JUDGE

December 11, 2007

**By Hand**

Hon. Frank Maas  
United States Magistrate Judge  
United States District Court for the  
Southern District of New York  
United States Courthouse, Ste. 740  
500 Pearl Street  
New York, New York 10007

    Re:   Flight Sciences, Inc. v. Cathay Pacific Airways Limited  
           07 Civ. 2830 (VM) (ECF Case)

Dear Magistrate Judge Maas:

We represent plaintiff Flight Sciences, Inc. ("Flight Sciences") in this action against defendant Cathay Pacific Airways Limited ("Cathay Pacific"). At our conference on October 10, 2007, your Honor ordered Cathay Pacific to make a substantial document production, which was thereafter ordered to commence and be finalized by November 16. Unfortunately, defendant has not done that, and the situation again requires the Court's assistance. Flight Sciences respectfully requests a conference on the first available date, in advance of any motion, in connection with Cathay Pacific's failure to comply with its discovery obligations.

On October 10, your Honor will recall that you (a) ordered Cathay Pacific to produce certain categories of documents that Cathay Pacific had refused to produce, with production from 1995 through the present for most categories; and (b) ordered Cathay Pacific to produce documents related to its majority-owned subsidiaries for all categories of documents ordered to be produced. Moreover, although your Honor characterized it as a close question, you ordered Flight Sciences to travel to Hong Kong thereafter to depose Cathay Pacific's 30(b)(6) witnesses. Attached as Exhibit A is the transcript of the hearing.

*The Court will hold a discovery conference in Courtroom 20A on January 4, 2008, at 2pm. If this date and time are not convenient, counsel should place a conference call to my chambers to reschedule. FMaas, USMJ, 12/26/07*

PROSKAUER ROSE LLP

Hon. Frank Maas
December 11, 2007
Page 2

The parties then agreed to a schedule for production of the ordered documents, on a rolling basis, to be completed by November 16, 2007. Your Honor then endorsed that agreement as an order, attached as Exhibit B.

On November 16, 2007, Cathay Pacific produced 2,387 pages of documents (notably, it produced no documents on a "rolling" basis before this date). Remarkably, the vast majority of these documents (approximately 2,280 pages) comprised the flight manuals for three types of Cathay Pacific aircraft (including within those 2,280 pages an exact duplicate of one of the manuals), which was responsive to only one of the numerous requests for which Cathay Pacific was ordered to produce documents, and which could and should have been produced well before November 16. All the other categories of documents ordered to be produced received a total of about 100 pages. The production had obviously not been taken seriously by Cathay Pacific. Flight Sciences sent a letter regarding the obvious deficiency of Cathay Pacific's compliance, and identified specific categories of documents for which no or only minimal documents were produced. A copy of this letter, dated November 26, 2007, is attached as Exhibit C.

On November 30, 2007, and December 5, 2007, well after November 16, Cathay Pacific produced a total of approximately 557 additional pages of documents. Copies of Cathay Pacific's cover letters, dated November 30, 2007 and December 5, 2007 respectively, are attached hereto as Exhibits D and E. This means that except for the current manuals that had been produced on November 16, Cathay Pacific has produced about 650 pages in total, for all the requests, for all entities, for all years. Cathay Pacific resisted production in the first instance, necessitating the October 10 hearing. Thereafter, it resisted producing the documents it was ordered to produce, and in fact, with no excuse whatsoever, did not produce them by the time it was ordered to produce them.

Now, there is a meager production that does not – indeed could not possibly – comply with the Court's Order. There remains significant amounts of documents and information that should have been produced pursuant to Flight Sciences' First Request For Production of Documents and your Honor's rulings at the October 10, 2007 conference. For example, Cathay Pacific still refuses to produce any documents related to its majority-owned subsidiaries other than a single spreadsheet regarding fuel consumption and price for one of its subsidiaries, Air Hong Kong, and only from 2001-2007.

Put simply, even at this date Flight Sciences does not have the documents it is entitled to, and which are necessary to present its claims and damages calculations, and to adequately conduct the depositions of Cathay Pacific's witnesses (tentatively scheduled to take place in Hong Kong in the middle of January). In an effort yet again to facilitate the production of documents, and yet again doing Cathay Pacific's work for it, we sent Cathay Pacific a letter containing a list of specific categories of documents which are subsumed within the categories of documents for which production was ordered, but that have not been produced. A copy of this letter, dated December 5, 2007, is attached as Exhibit F.

**PROSKAUER ROSE LLP**

Hon. Frank Maas
December 11, 2007
Page 3

Additionally, we notified counsel that Flight Sciences will seek additional relief against Cathay Pacific in connection with the depositions in Hong Kong, which cannot go forward until Cathay Pacific produces what it ought to produce. The question of the depositions was a "close" one that was left open to reexamination, and it warrants such treatment now.

Subsequent phone conversations between counsel have revealed that Cathay Pacific will not produce these documents expeditiously, if at all, absent a Court order compelling their production. Moreover, time is of the essence because pursuant to the Amended Scheduling Order, all fact discovery must be completed by February 15, 2008, and we need to have (and were supposed to have) the documents well in advance of any trip to Hong Kong, which will likely be our only chance to depose all of Cathay Pacific's witnesses, sufficiently to prepare for the depositions of Cathay Pacific's witnesses.[1]

Accordingly, we respectfully request a conference with your Honor to discuss the aforementioned issues in advance of filing a discovery motion, if necessary.

We recognize the issues of scheduling during this season and thank your Honor, as always, for your continuing consideration.

Respectfully,

Hank L. Goldsmith

cc:  (by email, w/o encls)
     Michael J. Holland, Esq.
     Arthur C. Chambers, Esq.
     Roberta Vassallo, Esq.
     Roderick D. Margo, Esq.

---

[1] Cathay Pacific has suggested during meet and confer discussions that Flight Sciences does not want to go to Hong Kong or pay for the trip. That is not the issue. The issue is that while documents are being withheld, nobody can go anywhere. On the other hand, the documented lack of Cathay Pacific's compliance warrants revisitation of the issue of who should travel, and who should bear the cost thereof.